## Rosenheck v. Stape

*M. G. Weinberg*, for claimant.
*Cohen, Schweidel & Krekstein*, for defendant.

SMITH, P. J., February 17, 1937.—This matter comes before the court on a petition for rule to set aside verdict. Max Rosenheck filed his claim for mechanic's lien for carpentry work and labor done upon the three-story store and dwelling house owned and occupied by defendant, situated at 2104 Ridge Avenue, Philadelphia. The mechanic's lien claim avers that this work and labor done on the aforesaid building was contracted for by verbal agreement on November 13, 1930, that the last work was done on December 18, 1930, both inclusive, and that the amount due and owing in the sum of $300 remained unpaid.

The law firm, Cohen, Schweidel & Krekstein, entered appearance for defendant in the above-entitled matter and filed an affidavit of defense. The case came on for trial in the regular manner and appeared before this court on March 16, 1933. It was tried before the Honorable Frank Smith, P. J., and jury. Plaintiff was represented by Abraham Levin, Esq. Defendant and her counsel failed to appear. Testimony was taken in which the verbal contract was set forth, including the work and labor done, the pay-

ments made on account thereof, and the balance due and owing. After plaintiff presented evidence in support of his claim, the court, in the absence of counsel for defendant, cross-examined plaintiff, and thereafter charged the jury, wherein it was stated by the court:

"If you believe the story of plaintiff and think those charges are reasonable and that the parties made such an agreement then you may bring in a verdict in the sum of $300 with interest from December 18, 1930."

Notes of testimony were transcribed, as well as the charge of the court.

After a lapse of almost four years defendant has filed a petition for rule to set aside the verdict, stating that, among other things, she has a just, true and legal defense to plaintiff's action; that on February 2, 1933, a petition in bankruptcy was filed against her and she was adjudicated bankrupt on February 24, 1933; that on March 16th, in her absence and in the absence of her counsel, without any notation upon the record of the bankruptcy proceedings, without jointure of the receiver in bankruptcy and without any leave had from the United States district court, plaintiff proceeded to trial and a verdict was rendered in the sum of $340. Defendant also avers that at the time of trial all of the property was in the custody of the United States district court.

There is no averment of fraud. There is no evidence that plaintiff had any knowledge of any bankruptcy proceedings. It will be noted that this verdict was rendered by the jury four years ago, and during the lapse of time no action was taken by petitioner to protect her legal rights or to attack the validity of the verdict. She filed no motion for new trial, or arrest of judgment or judgment n. o. v. There is no charge of fraud and no evidence of it.

It is quite evident that petitioner in this action has slept upon her rights and is guilty of laches. In addition, the proceedings in bankruptcy attacked only the bankrupt's

equity in the property, subject to valid liens which may be enforced by the lienholder unless restrained by the court.

In this matter, the Court of Common Pleas for the County of Philadelphia had concurrent jurisdiction, and no facts were presented in the petition or by argument which were so convincing as to justify a setting aside of this verdict. For this reason the petition should be dismissed.

### Order

And now, to wit, February 17, 1937, the petition to set aside the verdict in this case is discharged.